UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NIKUNJ PATEL and ANUJA PATEL, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 4:22-cv-11128-IT |
| | * | |
| UR JADDOU, Director, U.S. Citizenship, and Immigration Services, | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |
| MONISHA GUPTA and SWAPNIL VIJAY KUMAR GADKARI, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 1:22-cv-11374-IT |
| v. | * | |
| | * | |
| UR JADDOU, Director, U.S. Citizenship, and Immigration Services, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

September 28, 2022

TALWANI, D.J.

Pending before the court are motions for preliminary injunctions filed in the above-captioned cases. For the reasons that follow, the motions are denied.

**I.   Background**

   A.   *The Complaints in Each Action*

On July 13, 2022, Plaintiffs Nikunj and Anuja Patel ("the Patel Plaintiffs") brought an action against Defendant Ur Jaddou, in her capacity as Director of the U.S. Citizenship and Immigration Services ("USCIS"), alleging a violation of the Administrative Procedure Act

("APA"), 5 U.S.C. §§ 551-559, for unreasonable delay in adjudicating their pending Forms I-485. Patel Compl. ¶¶ 93-158, 22-cv-11128 [Doc. No. 1]. Their complaint sought: a declaration that the delay in USCIS's adjudication of the visa applications is unreasonable, injunctive relief to compel USCIS to make a final decision on their adjustment of status ("AOS") applications no later than September 30, 2022, or, in the alternative, injunctive relief to compel USCIS to adjudicate their adjustment of status application within 21 days of the visas becoming "current" if they are no longer "current" under USCIS's Retrogression Policy[1] or to compel USCIS to request and acquire a visa number from the State Department for them prior to September 30, 2022, and to hold that visa number available until USCIS adjudicates each Form I-485 and issues them lawful permanent residence nunc pro tunc to September 30, 2022. Id. ¶¶ 159-64.

On August 25, 2022, Plaintiffs Monisha Gupta and Swapnil Vijay Kumar Gadkari (the "Gupta Plaintiffs"), represented by the same attorney as the Patel Plaintiffs, brought a nearly identical action seeking the same relief. Gupta Compl. ¶¶ 93-163, 22-cv-11374 [#1].

B.     *Motions for Preliminary Injunctions*

The Patel Plaintiffs and the Gupta Plaintiffs filed motions for preliminary injunction on September 19, 2022, and September 25, 2022, respectively. See Mots. for Prelim. Inj., 22-cv-11128 [Doc. No. 15]; 22-cv-11374 [#2]. The motions asked the court: (i) to enjoin Defendant's Regression Policy; (ii) to order Defendant to "record the alien's unlawful admission for permanent residence, which would require the Department of State [("DOS")] to 'reduce by one

---

[1] USCIS requires an immigrant visa to be available at the time of filing an adjustment of status application and at the time of final adjudication of an AOS application. Because the available preference visa numbers fluctuate from one fiscal year to the next, USCIS's rule has enabled "regression" or "retrogression" of visa numbers for AOS applicants. Under USCIS's Retrogression Policy, the AOS application remains pending while the visa number is "regressed," but USCIS will only decide the application when the visa number is "current" again. See USCIS Policy Guide, Ch. 6, § C(5), Visa Retrogression, https://www.uscis.gov/policy-manual/volume-7-part-a-chapter-6.

the number of the preference visas authorized to be issued'"; and/or (iii) to "order USCIS to issue a final decision on Plaintiffs['] Forms I-485 on or by September 30, 2022 or before they run out of FY 2022 immigrant visa numbers." Patel Mot. for Prelim Inj. 9, 22-cv-11128 [Doc. No. 15]; Gupta Mot. for Prelim. Inj. 9, 22-cv-11374 [#2].

On September 9, 2022, the court consolidated the motions for preliminary injunction for hearing on September 20, 2022. See Elec. Orders, 22-cv-11128 [Doc. No. 22]; 22-cv-11374 [#7]. On September 14, 2022, Defendant filed her opposition in the Patel matter contending, in part, that the court should deny the request for a preliminary injunction because USCIS has issued all the visas in the Patel Plaintiffs' categories for FY 2022, rendering the primary relief sought moot. Opp'n 2-3, 22-cv-11128 [Doc. No. 37]. Defendant further argued that the challenge to USCIS's Regression Policy was made for the first time in the motion for preliminary injunction and such injunctive relief was not sought in the complaint.[2]

On September 19, 2022, the Patel Plaintiffs sought leave to file a proposed reply in which they conceded that Defendant "has run out of immigrant visas for fiscal year 2022" and, therefore, the "court can no longer order Defendant to make a final decision on or by September 30, 2022." Mot. for Leave to File Reply 1, 22-cv-11128 [Doc. No. 40]. Accordingly, the Patel Plaintiffs sought to "limit the scope of the injunction they seek to a single order enjoining the Defendant's Retrogression Policy." Id.

On September 19, 2022, in light of the proposed reply the Patel Plaintiffs sought to file, the court entered an order stating that the court anticipated "(i) deny[ing] Plaintiffs' Motion for Preliminary Injunction [22-cv-11128] [Doc. No. 15] as moot where Plaintiffs conceded the court

---

[2] The Gupta Plaintiffs did not serve Defendant prior to the September 20, 2022 hearing and Defendant did not file an opposition in the Gupta case. However, the arguments raised by the Defendant in opposition to the Patel Plaintiffs' motion for preliminary injunction apply equally to the Gupta Plaintiffs' motion.

3

can no longer order Defendant to make a final decision regarding Plaintiffs' visa applications on or before September 30, 2022, as the Defendant has no more immigrant visas to issue for fiscal year 2022, and (ii) if Plaintiffs are seeking alternative injunctive relief, setting a schedule for Plaintiffs to file a renewed Motion and for briefing." Elec. Order, 22-cv-11128 [Doc. No. 42].

        C.       *September 20, 2022 Hearing on Motions for Preliminary Injunctions*

At the September 20, 2022 hearing, Plaintiffs' counsel stated that both complaints still sought injunctive relief in the form of an order to adjudicate the Plaintiffs' applications for change of status before September 30, 2022, or to hold their number or priority before September 30, 2022, and a declaratory judgment as to the unreasonable delay in processing the applications. Plaintiffs' counsel contended that additional visas remain available for FY 2022 and the court granted him leave to submit evidence showing that USCIS continues to issue visas after September 6, 2022, the date on which DOS publicly stated that no visas remain for FY 2022.

Plaintiffs' counsel also acknowledged in response to an inquiry from the court regarding consolidation that the complaints in the two cases raise identical legal issues and Defendant's counsel did not disagree but reserved on the issue. Accordingly, the court consolidated the two cases for pretrial proceedings without prejudice to a motion to sever. See Elec. Orders, 22-cv-11128 [Doc. No. 43]; 22-cv-11374 [#11].

        D.       *Evidence Regarding Available Visas for FY 2022*

On September 21, 2022, Plaintiffs submitted the following evidence to support their contention that USCIS issued visas after September 6, 2022: (i) a redacted scan of a lawful permanent residency card issued on September 12, 2022, for the beneficiary of an EB-2 immigrant visa, chargeable to India; (ii) a declaration from attorney Rahul Reddy, which attests that his firm filed hundreds of AOS applications based on EB-2 visas chargeable to India and his firm has received approvals of some of those AOS petitions after September 7, 2022; (iii) a

spreadsheet where individuals have voluntarily and publicly posted their visa receipt information, which while counsel cannot verify the precise details of, carry indicia that these are receipt numbers of similarly situated applicants as Plaintiffs with approval dates after September 6, 2022; and (iv) a link to a publicly available website that acquires its data directly from Defendant's online status checking system and populates its site with visa approvals in real-time.[3] Evidence of Remaining FY 2022 EB-2 Visa Numbers, 22-cv-11128 [Doc. No. 44]; 22-cv-11374 [#12].

On September 26, 2022, Defendant filed a Reply and Declaration in Response to Plaintiffs' Evidence [Doc. No. 49]. In the reply, Andrew Parker, Branch Chief of the Residence and Admissibility Branch within the Office of Policy and Strategy at USCIS' Headquarters location attests that the DOS will not authorize additional EB-2 and EB-3 visas for issuance by USCIS as DOS has informed USCIS that the maximum level of visa numbers available for use in these categories during FY 22 has been reached. Parker Decl. ¶¶ 3, 4, 22-cv-11128 [Doc. No. 49-1].

Parker attested that, in general, there is a period between approval and production and shipment of the permanent resident card; while the period is typically less than two weeks, delays can extend this period. Id. at ¶ 28. Parker further explained that there are "three scenarios in which an AOS application is approved (or is reflected as approved) after DOS has announced that the annual limit has been reached." Id. at ¶ 23. First, "[i]n a few instances, human error leads to an adjudicator approving an application for adjustment of status without an allocated visa in the appropriate category when visas are unavailable." Id. at ¶ 9. Second, an AOS application may

---

[3] With respect to the publicly available site, Plaintiffs concede that they cannot determine whether these AOS approvals are employment-based or family-based but contend that Defendant can.

5

appear to have been approved by USCIS after DOS indicated that visas are no longer available where a noncitizen received an AOS approval through action by the Executive Office for Immigration Review. Id. at ¶ 21-22. Third, USCIS approves a small percentage of AOS applications after DOS has announced that no further authorizations will be made in instances where USCIS obtained a visa number for such application while visa numbers were still available and "either the [USCIS] officer determines that they cannot approve the application immediately (for example, the application is missing a required piece of evidence and must issue a request for that evidence) but neglects to request that DOS delete the authorization from the system, or the officer does intend to immediately approve the application but neglects to complete the procedural steps required for that approval to be reflected in our systems." Id. at ¶¶ 13, 23.[4]

## II.    Discussion

### A.    *Statement of Law*

"[A] plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). "The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Id. (quotation marks and citation omitted). "If a case can be adjudicated on the merits before the

---

[4] As to the twenty-one recently approved applications listed in Plaintiffs' evidence, Ex. B, 22-cv-11128 [Doc. No. 44-2], Parker attests that the self-reported information of the AOS applications falls into the following four categories: (i) correction of procedural irregularity; (ii) application as approved before DOS memos were issued, error by the noncitizens in the self-reported data; (iii) USCIS officer error, application subject to recission; and (iv) other (one denial of an EB Form I-485, one receipt not a Form I-485). Parker Decl. ¶ 27, 22-cv-11128 [Doc. No. 49-1].

harm complained of will occur, there is no sufficient justification for preliminary injunctive relief." Matos ex rel. Matos v. Clinton Sch. Dist., 367 F.3d 68, 74 (1st Cir. 2004).

    B.    *Analysis*

As set forth by Defendant's counsel in the September 20, 2022 motions hearing and in Defendant's Reply and Declaration in Response to Plaintiffs' Evidence, 22-cv-11128 [Doc. No. 49], there are no remaining EB-2 and EB-3 visas available for issuance by USCIS for FY 2022. While Plaintiffs have provided anecdotal evidence of visas issued to applicants after September 6, 2022—the date on which DOS publicly stated that no visas remain for FY 22—the court finds that Defendant has provided sufficient explanations for such issuances and no available visas remain for issuance for FY 2022. Accordingly, to the extent that Plaintiffs' motions asked the court to order Defendant to "record the alien's unlawful admission for permanent residence, which would require the Department of State to 'reduce by one the number of the preference visas authorized to be issued'" and/or to "order USCIS to issue a final decision on Plaintiffs['] Forms I-485 on or by September 30, 2022 or before they run out of FY 2022 immigrant visa numbers," the motions are denied as moot. See Matos ex rel. Matos, 367 F.3d at 74 (denying requests in motion for preliminary injunction as moot where "the passage of time and the occurrence of a series of easily predictable events have minimized any need for a preliminary injunction").

The preliminary injunction motions also sought to enjoin Defendant's Regression Policy. Patel Mot. for Prelim. Inj. 20, 22-cv-11128 [Doc. No. 15]; Gupta Mot. for Prelim. Inj. 20, 22-cv-11374 [#2]. However, Plaintiffs' original complaints only sought declaratory relief as to the allegedly unreasonable delays in the adjudication of the AOS petitions. Patel Compl. ¶ 159, 22-cv-11128 [Doc. No. 1]; Gupta Compl. ¶ 156, 22-cv-11374 [#1]. Thus, to the extent that Plaintiffs are requesting injunctive relief as to Defendant's Regression Policy not in the original complaint,

such request is denied without prejudice. See Baams v. Coakley, 2013 WL 6815014, at *7 (D. Mass. Dec. 23, 2013) ("[T]he Court finds that injunctive relief is not warranted until the defendants have had an opportunity to respond to [plaintiff's] allegations, particularly where there are pleading deficiencies in the complaint . . .").[5]

### III.    Conclusion

For the forgoing reasons, the Patel Plaintiffs' Motion for a Preliminary Injunction, 22-cv-11128 [Doc. No. 15] and the Gupta Plaintiffs' Motion for a Preliminary Injunction, 22-cv-11374 [#2] are DENIED.

IT IS SO ORDERED.

Dated: September 28, 2022              /s/ Indira Talwani
                                       United States District Judge

---

[5] Plaintiffs have recently filed amended complaints that remedy the pleading deficiencies outlined above and may bring new motions for injunctive relief as to Defendant's Regression Policy. See Patel Am. Compl. [Doc. No. 46]; Gupta Am. Compl., 22-cv-11374 [#13].